IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC GRUENINGER,
        Petitioner,

v.                                                Civil Action No. 3:21cv786

DIRECTOR, VIRGINIA DEPARTMENT
OF CORRECTIONS,
        Respondent.

## MEMORANDUM OPINION

Eric Grueninger, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254, ("§ 2254 Petition," ECF No. 1), challenging his 2017 convictions in the Circuit Court of the County of Hanover, Virginia ("Circuit Court"). In his § 2254 Petition, Grueninger argues that he is entitled to relief on the following grounds:[1]

    Claim One:    "The Commonwealth failed to set aside [Grueninger's] original convictions in violation of [his] constitutional right against double jeopardy." (*Id.* at 4.)

    Claim Two:    "The Commonwealth vindictively obtained four additional 2017 indictments on retrial and immediately after [Grueninger] mo[ved] to dismiss for speedy trial in violation of [his] constitutional right to due process." (*Id.* at 5.)

    Claim Three:    "The Commonwealth failed to meet its burden of proof on any of the 2017 indictments in violation of [Grueninger's] constitutional right to due process. (*Id.* at 6.)

    Claim Four:    "The Commonwealth introduced letters written by [Grueninger] to [his] wife into evidence at trial and in violation of [his] constitutional right against self-incrimination and to confront [his] accuser." (*Id.* at 7.)

The respondent moves to dismiss on the ground that Grueninger's claims are defaulted and barred from review here. (ECF No. 6.) Grueninger has responded. (ECF No. 14.) Because

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions. The Court corrects the capitalization, spacing, and punctuation in quotations from Grueninger's submissions.

Grueninger's claims are barred from review here, the motion to dismiss, (ECF No. 6), will be GRANTED, the § 2254 Petition will be DENIED, and the action will be DISMISSED.

## I. PROCEDURAL HISTORY

### *A. 2009 Bench Trial*

Following a bench trial, the Circuit Court convicted Grueninger of **two counts of indecent liberties with a child under age fifteen, two counts of aggravated sexual battery by a parent with a child at least thirteen but less than fifteen, one count of rape, three counts of forcible sodomy, two counts of object sexual penetration,**[2] nine counts of possession of child pornography, and one count of distribution of child pornography. *See Grueninger v. Dir., Va. Dep't. of Corr.*, No. 3:13cv260, 2014 WL 2925285, at *1 (E.D. Va. June 27, 2014). By Memorandum Opinion and Order entered on June 27, 2014, the Court denied Grueninger's prior § 2254 petition challenging the 2009 charges. *See id.* at *9.[3]

---

[2] The convictions in bold will hereinafter be referred to as the "2009 sexual abuse charges."

[3] The 2009 sexual abuse charges were based, in part, on statements that Grueninger made after police read him his *Miranda* rights. As the United States Court of Appeals for the Fourth Circuit explained:
> On March 13, 2009, the Department of Social Services in Hanover County, Virginia, received a report that Grueninger was having sexual intercourse and other sexual contact with his fourteen-year-old daughter. The police arrested him that day, and investigator David Klisz met with Grueninger in jail for a first interview. Their interaction was captured on video, which was available to the prosecutor and to Grueninger's attorney, Michael Clower. The video depicts Klisz administering *Miranda* warnings to Grueninger and Grueninger saying in response, "These are felonies, I need an [a]ttorney."[] J.A. 342. Grueninger claims, without disagreement from the Commonwealth, that Klisz immediately ceased all questioning.
> On that same day, Klisz searched Grueninger's home with the consent of Grueninger's wife. Klisz found three thumb drives in Grueninger's top dresser drawer, one of which contained photographs and videos of child pornography. He also discovered a laptop in the home's work room. Subsequent forensic analysis revealed that the content on the thumb drive had been accessed on the laptop.
> Three days later, on March 16, 2009, Hanover County issued a new arrest warrant with additional charges, and Klisz again visited Grueninger in jail. After administering the *Miranda* warnings a second time, Klisz asked Grueninger

2

On February 9, 2016, the United States Court of Appeals for the Fourth Circuit reversed in part the decision of this Court and "remand[ed] with instructions that the district court issue Grueninger a writ of habeas corpus as to the sexual abuse charges unless the Commonwealth endeavor[ed], within a reasonable period of time to prosecute him in a new trial on those counts without utilizing the confession." *Grueninger*, 813 F.3d at 532. Accordingly, per the directive of the Fourth Circuit, the Court informed the parties that the writ of habeas corpus would issue "unless the Commonwealth endeavor[ed], within a reasonable period of time, to prosecute him in a new trial on [the sexual abuse] counts without utilizing [his] confession." *See Grueninger v. Dir., Va. Dep't. of Corr.*, No. 3:13cv260 (E.D. Va. March 3, 2016), ECF No. 27, at 2. The Court construed a "reasonable period of time" to be ninety (90) days. *See id.* (citing *Lee v. Clarke*, 781 F.3d 114, 129 (4th Cir. 2015)).

The Commonwealth elected to retry Grueninger on the original 2009 sexual abuse charges. On July 19, 2016, a grand jury in the Circuit Court for Hanover County also returned fifteen indictments against Grueninger, including new charges that were identical to the 2009 sexual abuse charges and six additional charges. (Case No. 3:21cv786, ECF No. 7-2.) Then, on February 21, 2017, the grand jury indicted Grueninger on four additional charges. (ECF No. 7-3.) On March 18, 2017, the Commonwealth moved to *nolle prosequi* the fifteen new charges returned by the

---

questions about the charges against him. This time, Grueninger answered Klisz's questions and admitted to performing oral sex on his daughter, ejaculating on her, shaving her pubic hair, inserting a yeast infection suppository into her vagina, and bathing with her naked. He also admitted that the computer he primarily used at home was the laptop on which child pornography had been stored and accessed.

*Grueninger v. Dir., Va. Dep't. of Corr.*, 813 F.3d 517, 521 (4th Cir. 2016). In his prior state habeas petition, Grueninger argued that counsel rendered ineffective assistance because he failed to move to suppress Grueninger's statements to Klisz. *See Grueninger*, 2014 WL 2925285, at *5. This Court found that counsel was neither deficient nor was Grueninger prejudiced. Specifically, the Court concluded that Grueninger failed to prove that the Circuit Court would have found him not guilty on these counts because overwhelming evidence existed of his guilt without considering the statements. *See id.* at *5–6.

3

grand jury on July 19, 2016, and the Court granted that motion. (ECF No. 7-4.) Grueninger's jury trial on the 2009 sexual abuse charges and the four charges from February 21, 2017, concluded on May 26, 2017. (ECF No. 7-5, at 2.) Accordingly, the Court determined that that the writ of habeas corpus should not issue because the Commonwealth timely prosecuted Grueninger on those counts. *See Grueninger*, No. 3:13cv260 (E.D. Va. March 3, 2016), ECF No. 45, at *2–3.

### B. *2017 Jury Trial and Subsequent Proceedings in the State Courts*

As mentioned above, on May 26, 2017, a jury found Grueninger guilty of fourteen counts: four counts of indecent liberties with a child under fifteen; two counts of aggravated sexual battery by a parent with a child at least thirteen, but less than fifteen; one count of rape by force or threat; three counts of forcible sodomy; four counts of object sexual penetration. (*See* Case No. 3:21cv786, ECF No. 7-5, at 2.) On December 15, 2017, the Circuit Court sentenced Grueninger to eight life sentences and eighty years as recommended by the jury. (*Id.* at 3; *see* ECF No. 7-6, at 5.)

Grueninger appealed. On November 14, 2018, the Court of Appeals of Virginia granted in part, and denied in part, Grueninger's petition for appeal. (ECF No. 7-6, at 1.) The Court of Appeals of Virginia awarded him an appeal with respect to the following assignment of error: "II. The trial court erred by trying and sentencing [Grueninger] twice for the same indictments in violation of double jeopardy." (*Id.* at 11.) Because Grueninger failed to file an appropriate opening brief, however, the Court of Appeals of Virginia granted the Commonwealth's motion and dismissed the appeal without reviewing the merits of his claim. (*Id.* at 12.) On August 25, 2020, the Supreme Court of Virginia dismissed Grueninger's subsequent appeal because "the assignments of error in the petition for appeal are insufficient as they do not address any finding or ruling of the Court of Appeals . . . ." (ECF No. 7-7, at 1.) On January 28, 2021, the Supreme Court of Virginia denied Grueninger's petition for rehearing. (ECF No. 7-8, at 1.)

4

On September 7, 2021, Grueninger filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 7-9, at 1.) In his habeas petition, Grueninger raised the following claims for relief:

"GROUND ONE: SPEEDY TRIAL." (*Id.* at 7.)

"GROUND TWO: DOUBLE JEOPARDY." (*Id.* at 10.)

"GROUND THREE: PROSECUTORIAL VINDICTIVENESS." (*Id.* at 12.)

"GROUND FOUR: BURDEN OF PROOF." (*Id.* at 15.)

"GROUND FIVE: LETTERS." (*Id.* at 19.)

"GROUND SIX: CRUEL AND UNUSUAL PUNISHMENT." (*Id.* at 22.)

On November 22, 2021, the Supreme Court of Virginia dismissed Grueninger's petition for appeal because his "claims [were] barred because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal. *Brooks v. Peyton*, 210 Va. 318, 31–22 (1969)." (ECF No. 7-10, at 1.) Grueninger then filed the present § 2254 Petition.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and reflects Congress's determination through federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838,

5

844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at

735 n.1).[4] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989) (explaining that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto.'")

Grueninger raised Claims One through Four in his habeas petition before the Supreme Court of Virginia. The Supreme Court of Virginia found that Grueninger could have presented each claim on direct appeal but failed to properly raise them. Therefore, the Supreme Court of Virginia found these claims barred from review by *Brooks v. Peyton*, 210 Va. 318, 31–22 (1969). *Brooks* constitutes an adequate and independent state procedural rule when so applied. *See Johnson v. Muncy*, 830 F.2d 508, 511–12 (4th Cir. 1987); *Parker v. Booker*, No. 7:19cv568, 2020 WL 4432847, at *5 (W.D. Va. July 31, 2020) (citations omitted); *Hilton v. Dir. of Dept. of Corr.*, No. 2:16cv135, 2016 WL 8285664, at *3 (E.D. Va. Dec. 7, 2016) (citation omitted). Thus, Grueninger's claims are barred from review here unless he demonstrates cause for the default of his claims and resulting prejudice or that a failure to review his claims will result in a fundamental miscarriage of justice. Grueninger fails to identify any persuasive reason why these claims should be considered here.[5] Accordingly, Grueninger's claims are barred from review and will be

---

[4] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[5] At most, Grueninger contends that "[a]ll grounds in my petition have been timely and properly presented to the Supreme Court of Virginia on habeas" and "all state remedies have been exhausted." (ECF No. 14, at 3–4.) Grueninger contends that "*Brooks* is not relevant to [his]

DISMISSED.

## VI. CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss, (ECF No. 6), will be GRANTED. Grueninger's claims will be DISMISSED, and his § 2254 Petition, (ECF No. 1), will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Final Order shall issue.

/s/ 
John A. Gibney, Jr.
Senior United States District Judge

Date: 29 June 2022
Richmond, Virginia

---

petition or situation, and since the [Supreme Court of Virginia] did not explain why it felt [he] did not file an appeal," that this Court should not speculate about why it was dismissed. (*Id.* at 5.) The Court need not speculate. The Supreme Court of Virginia dismissed Grueninger's direct appeal on procedural grounds and did not review the merits of his claims. Thus, Grueninger did not properly raise his claims before the Supreme Court of Virginia on direct appeal, as required by Virginia law. Further, Grueninger requests, "[i]f any of my actions or inactions have created a federal procedural default, then I humbly ask this Court to excuse that default and adjudicate my claims on their merits." (*Id.*) Simply put, Grueninger has not demonstrated any cause for the default of his claims and resulting prejudice, or that a miscarriage of justice will occur if the Court fails to review them. Accordingly, they are barred from review here.

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Grueninger fails to meet this standard.

8