IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC GRUENINGER,**

    Petitioner,

v.                                                      Civil Action No. **3:21CV786**

**DIRECTOR, VIRGINIA DEPARTMENT
OF CORRECTIONS,**

    Respondent.

## MEMORANDUM OPINION

Eric Grueninger, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his 2017 convictions in the Circuit Court of the County of Hanover, Virginia ("Circuit Court"). By Memorandum Opinion and Order entered on June 29, 2022, the Court denied the § 2254 Petition and dismissed the action because Grueninger's claims were procedurally barred from review here. *Grueninger v. Dir., Va. Dep't of Corr.*, No. 3:21CV786, 2022 WL 2346617, at *1–4 (E.D. Va. June 29, 2022).

On July 24, 2022,[1] Grueninger filed a Motion for Reconsideration En Banc that the Court construes as a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 19).[2] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of

---

[1] The Court deems the motion filed on the date Grueninger certified that he placed the motion in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); (*see* ECF No. 19, at 6).

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling and punctuation in the quotations from Grueninger's submission.

judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Grueninger does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. However, the Court construes Grueninger to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.*

Grueninger once again contends that the Supreme Court of Virginia used "a case that is not analogous to my case (*Brooks v. Peyton*[, 210 Va. 318, 31–22 (1969)]) to state that my 'claims are barred because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal,' but never stated why it thought I did not file an appeal." (ECF No. 19, at 2.) The Court has already explained to Grueninger that the Supreme Court of Virginia dismissed his habeas petition on procedural grounds and did not review the merits of is clams because they could have been raised, but were not properly raised, on direct appeal as required by Virginia law. *See Grueninger*, 2022 WL 2346617, at *4 n.5. Grueninger then asks this Court for the first time, "to excuse procedural default based on ineffective assistance of counsel and review my case de novo." (ECF No. 19, at 2.) Grueninger contends that his appointed attorney filed his direct appeal in the

Supreme Court of Virginia and therefore, counsel is responsible for causing the default of his claims. (*Id.* at 3.) However, a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or prevent evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1810.1 at 127–28 (2d ed. 1995)); *see Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citations omitted) (explaining that Rule 59(e) "gives a district court the chance to 'rectify its own mistakes in the period immediately following' its decision" and "will not address new arguments or evidence that the moving party could have raised before the decision issued"). In its Motion to Dismiss Grueninger's § 2254 Petition, Respondent clearly argued that Grueninger's claims were procedurally defaulted. Therefore, Grueninger was aware of this argument and had the opportunity to identify why his claims should not be deemed defaulted at that time in his response. Grueninger failed to do so with any specificity. Simply put, Grueninger may not raise these new arguments for the first time by way of Rule 59(e).

Because Grueninger fails to identify any clear error of law in the Court's conclusions or any other ground for relief under Rule 59(e), his Rule 59(e) Motion (ECF No. 19) will be DENIED.

An appropriate Final Order shall issue.

Date: 25 October 2022
Richmond, Virginia

/s/ John A. Gibney, Jr.
Senior United States District